Eastern Dis.
<i>April,</i> 1841.

BERNARD'S HEIRS
<i>vs.</i>
GOLDENBOW.

---

## BERNARD'S HEIRS vs. GOLDENBOW.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A substitution of heirs to take effect at the death of the *gravatus*, or at any uncertain time is to be considered conditional, and can only take effect on the happening of the event on which the condition depends.

Where the husband and wife institute the survivor of them *sole heir*, with condition and substitution that at the death of the survivor, their property *then existing* shall go to each of their heirs in certain proportions, it does, *not inhibit the survivor, while living,* from *alienating* the property.

This is a petitory action by the heirs of André Bernard to recover from the defendant a lot of ground in Chartres street, New Orleans. The plaintiffs claim as heirs of their ancestor, who, they allege, died in possession and as owner of this property, in 1790.

The defendant denied that the plaintiffs had any right or title to the property claimed and could not maintain their action; that he and those under whom he claims have been in the

EASTERN DIS. peaceable and uninterrupted possession of this property under a
April, 1841. valid title for upwards of thirty-one years; and that it was sold
BERNARD'S by the widow Bernard in November, 1815, when he became
HEIRS the purchaser. He pleads every prescription applicable and
vs. that he owns and possesses by a good and valid title and prays
GOLDENBOW. that the suit be dismissed.

The plaintiffs claim as heirs of André Bernard, and the property was alienated and sold by his widow, as his survivor, under their joint will, instituting the survivor sole heir of the other, of all their property; and any existing at the death of the *survivor* to descend to *their* heirs in certain proportions. See the case of these same plaintiff's against P. Soulé, reported at page 21 of this volume.

There was a judgment for the defendant and the plaintiffs appealed.

*Conrad & Denis*, for the plaintiffs and appellants contended:

1. That the will of André Bernard contains a substitution in their favor, and that the defendant is without title except for one third of the property in dispute.

2. That even supposing that the clause in the will of André Bernard in their favor did not amount to a substitution, the wife had only a life estate in a portion of the property and could not transfer a title to any greater portion, and that the plaintiffs, being the legal heirs of André Bernard, are entitled to the residue.

*Roselius*, for the defendant and appellee.

*Morphy, J.* delivered the opinion of the court.

This case cannot be distinguished from that of the same plaintiffs against P. Soulé, decided a few days since *(ante 21)*. The facts are the same, and it must be governed by the same principles and reasoning. As a petition for a re-hearing has since been filed, it is proper to remark that the main ground upon which that suit was determined was the construction we

thought proper to give to the will of A. Bernard, which in our opinion contained a substitution *de eo quod supererit*. The other point that the substitution had failed by the death of the substituted heirs was merely stated as an additional ground, and reference was made to some French authorities; as the will then under consideration was made under the laws of Spain, we would have consulted the Spanish commentators on the subject in preference to the French, had any been at hand. It was not believed there could be much variance of opinion between them on the subject of substitutions, which it is well known descended into the French and Spanish jurisprudence from the same source, the Roman law. On examining Gomez, to whom we have been referred, we find that he distinguishes the case where a substitution is made purely and simply, and that in which it is made under a condition. In the first case, the substituted heir transmits his rights to his descendants if he dies before restitution is made to him. In the second case, the right is not transmitted, and he adds that a substitution to take effect at the death of the *gravatus*, or at any other uncertain time, is to be considered as conditional, according to the legal axiom, *dies incertus pro conditione habitur.* Of the latter kind was the substitution in the present case; Gomez, variæ resolutiones, chap. 5, No. 9. From this passage it would seem that Gomez does not hold, as is supposed, a doctrine absolutely adverse to that relied on and in support of which several French authors were quoted by this court.

EASTERN DIS.
*April,* 1841.

BERNARD'S
HEIRS
*vs.*
GOLDENBOW.

A substitution of heirs to take effect at the death of the *gravatus*, or at any uncertain time is to be considered conditional, and can only take effect on the happening of the event on which the condition depends.

As to the construction to be given to the will of André Bernard, we have again attentively considered that instrument, and can come to no other conclusion than that we have expressed. It is true that there are two separate clauses in it, one in favor of the substituted heirs of the wife, the other in favor of those of the husband; although by the place they occupy in the will, these clauses cannot be said to be members of the same sentence, they can, in our opinion, be viewed only as parts of the same disposition, and according to every rule of construction must be explained by each other. These testators

13  VOL. XVIII.

EASTERN DIS.
April, 1841.

BERNARD'S
HEIRS
vs.
GOLDENBOW.

were making a joint and mutual will; it was uncertain which of the two would survive the other; they declare that the survivor shall be the sole and universal heir of the other; they then provide that at the death of the survivor there are to be two sets of heirs, who are to take in different proportions; those of the wife one-third of the estate, and those of the husband two-thirds; but a doubt arises as to what property it was intended should be thus partaken. Surely the two clauses must be brought together and if one of them contains expressions showing unequivocally the intention of the testators, they must of necessity apply to the other clause which treats of the same subject, to wit: the property to be divided among the substituted heirs in the stated proportions. If these expressions were left out of view in the consideration of the latter clause, it would lead to the anomalous and absurd consequence that the will would have given to the survivor the right to alienate as regards one set of heirs, and denied her such a right as regards the other set of heirs, for the same property.

We have been referred to a case reported in 8 La. Rep., 233, in which it is said that this will was annulled at the suit of the heirs of the widow Bernard, as containing a prohibited substitution; that is: one which prevented the alienation of the property. It is doubtful whether that case should be of any authority whatever in this, or even should be binding on the rights of the parties to it. The suit was brought against an attorney for absent heirs; no enquiry was made into the nature of the substitution; both parties admitting that it was one prohibited by the laws in force at the death of the wife in 1834. The opinion of the court was asked on a different point, but this they refused to do; they said, " as both the appellant and appellees admit the disposition of the property by the will is a substitution which is now forbidden by law and ceased to be legal in this country on the adoption of the Civil Code in 1808, it follows that the Court of Probates decided correctly in annulling and setting aside the will on the ground that it contained a substitution." As was intimated in the opinion delivered

a few days since, we might have decided that case on the ground assumed in the decision just quoted; but as André Bernard died in 1790, and some doubts were entertained whether even a gradual substitution contained in his will would not be valid notwithstanding the subsequent change of legislation on the subject, it was thought more advisable to examine the nature and extent of the disposition under which the plaintiffs claimed. This enquiry has brought us to the conclusion that widow Bernard, as sole and universal heir had the power to alienate the property bequeathed to her; and the legacy to the substituted heirs was of the property of the testators, such as it should be found in the hands of the survivor at the time of her death.

It is therefore ordered that the judgment of the District Court be affirmed with cost.

*Eastern Dis.
April, 1841.*

Where the husband and wife institute the survivor of them sole heir, with condition and substitution that at the death of the survivor, their property then existing, shall go to each of their heirs in certain proportions, it does *not* inhibit the survivor, *while living,* from *alienating* the property.