Labauve, J.
This case presents but one question of law, and that is, whether the last will of the said Gyllum Hudson contains a prohibited substitution, in the following donations :
“Article 2. I give and bequeath to my half-sister, Nancy Stiles, formerly Nancy Estiss, five thousand dollars.
Article 3. I give and bequeath to my half-nephew, Thomas Harrell, son of Samuel Harrell, four thousand dollars. * * * * *
Article 10. I wish the above-named Nancy Stiles and Thomas Harrell to use their portions, both principal and interest, as they see proper, during their natural life; and should they leave heirs of their body at their death, I wish it to be equally divided among them ; but, should they die leaving no heirs of their body, I wish it, or whatever may be left of it at their death, to be divided equally among all those who are now my legal heirs. ”
The executors, on a fourth account rendered by them, have put down for the heirs and legal representatives of said legatee, Thomas Harrell, deceased (who has died since the last payment of §2.000 to him on account of his legacy), §800.
Julien Michel, counsel of absent heirs, opposed said item, on the following grounds:
“That, by article 10 of the will, it was provided that if the legatees, Nancy and Thomas Harrell, should die without leaving heirs of their body, the legacies given to them, or so much thereof as should be left, should not go to their heirs at law, but should go to the heirs of the testator.”
That said Harrell has died without heirs of his body, and with a portion of the legacy to him still unpaid; that the said legacy is either null, as a tldei commission, or the remaining portion of it yet unpaid, should, in accordance with the will of the testator, go now to his legal heirs. He prays that the executors bo ordered to pay said legacy to the heirs at law of the deceased.
To constitute a prohibited substitution, the donee must be charged to ¡¡reserve and return the thing donated, to a third person. Oivil. Code, Art. 1507. The motive of the law is, that property should not be tied up and taken out of commerce, which would be the case if the donor had the right and power to direct to whom should go the donation after the death of the original donee, for the donor might do so ad infinitum.
In this case we see nothingwhich binds the legatee to preserve and return; on the contrary, the testator wishes the legatees to use their portions, both principal and interest, as they see proper.
*80 We are clearly of opinion that the above legacy does not contain a prohibited substitution, and that the legatee, Thomas Harrell, became absolutely the owner of the legacy made to him, and transmitted the same to his heirs at law. Our views are fully supported by the decisions in the cases of Cyprien Roy et al. v. Estibene Latiolas et al. 5 An, 552; Bernard’s Heirs v. Soulè, 18 La. 21 : Bernard’s Heirs v. Goldenbow, 18 La. 95 ; Marcadé, vol. 3, No. 460.
For these reasons, and those given by our learned brother below, with whom we concur, the judgment appealed from must be affirmed.
It is therefore ordered and decreed, that the judgment of the District Court be affirmed, •with costs.